PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
P. BOBBY SHUKLA, ESQ. (STATE BAR NO. 229736)
PRICE AND ASSOCIATES
1617 Clay Street
Oakland, CA 94612
Telephone: (510) 452-0292
Facsimile: (510) 452-5625

Attorneys for Plaintiff
ROBERT SUMMERISE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT SUMMERISE, | ) | C055-2807 JCS |
| | ) | |
| Plaintiff, | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| KELLEHER CORPORATION, GARY | ) | |
| GUDMUNDSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

    1.    Any party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document which that party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or California law. Where a document

1138P209

-1-
STIPULATED PROTECTIVE ORDER (CO5-2807 JCS)

consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, or in response to valid legal process such as subpoena, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) plaintiff, individual defendants, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained or otherwise utilized for the prosecution or defense of this litigation;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 2(e)).

3. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. A witness shall not be allowed to retain copies of any confidential document.

4. Any document designated as confidential in accordance with Paragraph 1 shall be used solely for the prosecution or defense of this action and for no other purpose.

5. A party seeking to file a document under seal must seek authorization of the Court in accordance with Civil Local Rule 79-5. No document shall be filed under seal except pursuant to a Court order that authorizes the sealing of the particular document or portion

thereof and is narrowly tailored to seal only that material for which good cause to seal has been established. Only those documents, pages or, if practicable, those portions of documents or pages, which contain the information requiring confidentiality shall be sealed.

6. A party may designate as "Confidential" documents produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents. Any party may voluntarily disclose to others without restriction any information designated by that party as confidential, although a document may lose its confidential status if it is made public.

7. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material. The party who designated the material shall have twenty (20) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party seeking the order has the burden of establishing the document's confidentiality.

8. Notwithstanding any challenge to the designation of material as Confidential Information, all documents designated confidential shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party who claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not Confidential Information.

9. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless

otherwise agreed or ordered.

10. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

11. This Stipulation shall have no application to trial, or the presentation of evidence at trial in this matter. Should either party deem a protective order necessary at the time of trial, they may enter into an agreement or move the Court for an appropriate order.

12. This Stipulation is made without prejudice to the right of any party to seek an Order from the Court modifying or limiting any designation of information or documents as confidential, or otherwise modifying this Stipulation and Protective Order in any way with respect to any specified materials after 48 hours written notice to the opposing party.

Dated: December 9, 2005     PRICE AND ASSOCIATES

\_\_\_/s/ Pamela y. Price_____
PAMELA Y. PRICE, Attorneys for Plaintiff
ROBERT SUMMERISE

Dated: December 9, 2005     MCNEIL, SILVEIRA, RICE, WILEY & WEST

\_/s/ Mark J. Rice_____
MARK J. RICE, Attorneys for Defendants
KELLEHER CORPORATION, GARY
GUDMUNDSON, et al.

## ORDER

Pursuant to the stipulation of the parties and good cause appearing therefore, the foregoing Confidentiality Stipulation is approved and **IT IS SO ORDERED**.

Dated: January 23, 2006

_____
JUDGE JOSEPH C. SPERO
UNITED STATES DISTRICT COURT